UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM LOWE,<br>          Plaintiff,<br><br>     v.<br><br>ANDREW SAUL, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>          Defendant. | No. 3:16-cv-720 (SRU) |

**RULING ON MOTION FOR ATTORNEYS' FEES**

Attorney Winona Zimberlin represented William Lowe in an action appealing the Social Security Administration's decision denying Lowe's claim for disability insurance benefits. A consent motion to remand for additional development of the record and for a *de novo* decision was filed on September 30, 2016, which I granted. *See* Doc. Nos. 21, 22. Lowe ultimately prevailed on remand and was awarded a total of $56,512 in past-due disability benefits. *See* Doc. No. 28-1, at 2.

Attorney Zimberlin now moves for an order approving attorneys' fees in the amount of $4,128.00 pursuant to 42 U.S.C. § 406(b). *See* Doc. No. 27. The Commissioner does not dispute that the requested amount is reasonable; it only argues that the motion appears untimely.

For the reasons that follow, the motion is **granted**.

**I.      Standard of Review**

The Social Security Act provides, in relevant part, that whenever a court renders a judgment favorable to a Social Security claimant who was represented by an attorney, a court may award a "reasonable fee" for such representation that is "not in excess of 25 percent of the

total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Instead, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, even where, as here, the requested fee does not exceed the twenty-five percent upper limit, the attorney for the successful claimant must demonstrate that "the fee sought is reasonable for the services rendered." *Id*.

In determining whether a fee is reasonable under section 406(b), courts review: (1) the "character of the representation and the results the representative achieved;" (2) whether the "attorney is responsible for the delay" that causes disability benefits to accrue "during the pendency of the case in court;" and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case." *See id.* at 808. In addition, courts calculate the *de facto* hourly rate and assess whether the fee agreement was a product of fraud or overreaching. *See Deleon v. Berryhill*, 2019 WL 2191150, at *1 (D. Conn. Apr. 17, 2019).

**II.  Discussion**

In this case, the fee agreement between Lowe and Attorney Zimberlin contemplates a contingent fee of twenty-five percent of all past due benefits for any successful appeals, which falls within the statutory cap and equals $14,128.00. *See* Doc. No. 27-2, at 1. The Social Security Administration previously approved a fee of $10,000 for work Attorney Zimberlin performed at the administrative level pursuant to section 406(a); Attorney Zimberlin now seeks

2

the remaining balance of $4,128.00 for work performed before this court.[1]  *See* Doc. No. 27-2, at 2–3.

As a preliminary matter, even if the instant petition is untimely as the Commissioner suggests, I will excuse the delay under Federal Rule of Civil Procedure 6(b).  *See* FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Lowe filed the motion for attorneys' fees on November 19, 2019.  Approximately three months prior to that filing, on August 2, 2019, the Second Circuit held that Federal Rule of Civil Procedure 54(d)(2)(B), which requires a motion for attorneys' fees to be filed within 14 days of a judgment unless a court provides otherwise, applies to section 406(b) petitions.  *See Sinkler v. Berryhill*, 932 F.3d 83, 86–91 (2d Cir. 2019).  In particular, the Court concluded that, when a social security claimant secures a judgment remanding for further proceedings, the fourteen-day limitations period is tolled until the claimant receives notice of the benefits award.  *See id.* at 84.

As the government acknowledges, the *Sinkler* decision was issued over a year after Lowe was notified of his entitlement to $56,512 in past-due disability benefits, which was on July 3, 2018.  At that time, the law surrounding the section 406(b) deadline was unsettled in the Second Circuit and other circuits had adopted a more flexible approach, holding that the appropriate deadline was within a "reasonable" period under Federal Rule of Civil Procedure 60(b).  *See id.* at 85 (citing M*cGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)).  Attorney Zimberlin therefore did not have actual or constructive notice of the deadline for filing a section 406(b) petition until well after the deadline had passed.

---

[1] Unlike section 406(b), which governs fees for representation in court, section 406(a) governs fees for representation in agency proceedings.

3

Moreover, Attorney Zimberlin's justification for the delay—that she waited to file the motion until after she sought attorneys' fees with the Social Security Administration under section 406(a)—is valid. According to Attorney Zimberlin, until *Sinkler*, it was common practice in Connecticut, and in the interest of the judicial economy, to file section 406(b) petitions only if the Social Security Administration did not award the full one-quarter of past-due benefits under section 406(a). *See* Doc. No. 29, at 23 (citing, *inter alia*, *Ferraci v. Commissioner of Social Security*, No. 13-cv-1897 (D. Conn.), where a motion for section 406(b) fees was filed, and granted, after the Social Security Administration approved a fee of less than 25% in past-due benefits). Attorney Zimberlin filed the section 406(b) motion just five days after the Social Security Administration authorized her to collect fees in the amount of $10,000 under section 406(a) on November 13, 2019. There is, further, no indication that the section 406(a) fee petition was untimely filed.

For those reasons, I conclude that any delay was a product of excusable neglect under Federal Rule of Civil Procedure 6(b). *See Rabenda v. Colvin*, 2018 WL 3178159, at *1 (S.D.N.Y. June 28, 2018) ("The Court does not find it necessary to determine whether it would follow the decision in *Sinkler v. Berryhill*, . . . because counsel's delay in submitting the application was the result of excusable neglect within the meaning Fed. R. Civ. P. 6(b)(1)(B) in light of the fact that there was previously almost no case law in this Circuit on this issue."). I will therefore not deny the motion on timeliness grounds

Turning to the substantive question before me—whether the attorneys' fees sought is reasonable—I conclude that the requested fee of $4,128 is indeed reasonable and should be awarded. There is no indication that the fee is out of line with the character of the litigation or the results achieved. On the contrary, Attorney Zimberlin successfully litigated the case for her

4

client; Lowe was found disabled as of January 2012 and secured a substantial award of past-due benefits.  And as the Commissioner acknowledges, there is no evidence that the fee agreement was induced by fraud or overreaching, nor is there any indication that counsel unreasonably delayed proceedings.

The 13.6 hours that Attorney Zimberlin spent litigating the case is also reasonable.  Although the case was not briefed because remand was granted on consent, Attorney Zimberlin performed other necessary tasks, including filing the complaint, conferring with opposing counsel about the voluntary remand, and moving for costs and fees.  Moreover, the number of hours she expended is considerably lower than the number of hours other attorneys have billed in "routine" social security cases.  *See Jones v. Colvin*, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) ("Courts in the Second Circuit have generally held that 'a routine social security case requires from twenty to forty hours of attorney time.'") (citation omitted).

Correspondingly, the *de facto* rate is $303.53 per hour—$4,128 divided by 13.6 hours—which is significantly lower than rates courts in this district have sanctioned.  *See, e.g., Smith v. Saul*, 2020 WL 7041145, at *3 (D. Conn. Dec. 1, 2020) (concluding that a *de facto* hourly rate of $501.14 is reasonable); *Rodriguez v. Berryhill*, 2020 WL 6364764, at *3 (D. Conn. Oct. 29, 2020) (*de facto* hourly rate of $585.56 is reasonable); *Vasquez v. Saul*, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020) (*de facto* hourly rate of about $791.44 is reasonable).

For the foregoing reasons, I conclude that the attorneys' fees sought are reasonable and would not result in a windfall to counsel.  Lastly, because Attorney Zimberlin has already received $1,246.25 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

5

§ 2412, I further conclude that Attorney Zimberlin should reimburse Lowe for that sum, as she has agreed to do.[2]  *See* Doc. No. 27-1, at 2.

### III.  Conclusion

The motion for attorneys' fees is **granted**, and Attorney Zimberlin is awarded attorneys' fees in the amount of $4,128,00.  In addition, Attorney Zimberlin shall promptly refund Lowe $1,246.25, the amount of the EAJA award previously paid to her.

Dated at Bridgeport, Connecticut, this 26th day of January 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)).  As the *Gisbrecht* Court explained, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Id*. (citation omitted).